# United States District Court
for
## Middle District of Tennessee

### Superseding Petition for Warrant or Summons for Offender Under Supervision
(Supersedes Petition Filed as Docket Entry No. 47)

Name of Offender: <u>Michael Wayne Johnson</u>  Case Number: <u>3:08-00245</u>

Name of Sentencing Judicial Officer: <u>The Honorable Robert L. Echols, U.S. District Judge</u>

Name of Current Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>June 21, 2010</u>

Original Offense: <u>Count Two: Access Device Fraud, 18 U.S.C. § 1029(a)(5) and Count Seven: Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1)</u>

Original Sentence: <u>6 months' custody on Count Two and 24 months' custody on Count Seven, counts to run consecutively to each other, followed by 3 years' supervised release on Count Two and 1 year supervised release on Count Seven.</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>December 7, 2011</u>

Assistant U.S. Attorney: <u>Sandra Moses</u>  Defense Attorney: <u>David Heroux</u>

---

## PETITIONING THE COURT

_ To issue a Summons.
_ To issue a Warrant.
X To Consider Additional Violations/Information

---

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Alleged Violations/Information @ 9/18/14 hng.
☐ Other

Considered this 12th day of Sept., 2014,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Vidette A. Putman
Supervisory U. S. Probation Officer

Place  Nashville, TN

Date  September 11, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry 47, has been amended as follows:

Violation No. 2 - has been amended to include an additional missed screen.
Violation Nos. 4 and 5 - have been added.

Violation No.     Nature of Noncompliance

**1.**            **The defendant shall refrain from any unlawful use of a controlled substance:**

On February 24, 2014; March 5, 2014; and March 12, 2014, Mr. Johnson tested positive for codeine and morphine. On April 24, 2014, the defendant tested positive for cocaine.

**2.**            **The defendant shall participate in a program of drug testing and substance abuse treatment at the direction of the U.S. Probation Office:**

On May 5, 2014, the defendant failed to report as directed for a urinalysis test. According to Mr. Johnson, he missed the screen due to his job. He could not leave to report for his screen. It is noted that Mr. Johnson admitted that he could have reported to this office prior to beginning his work day. He reported to the office the following day and tested negative for illegal substance use.

**On September 2, 2014, the defendant failed to report as directed for an urinalysis test. According to Mr. Johnson, he failed to call the drop line and noted he was working 12 hours a day. He reported to the office the following day and tested negative for illegal substance use.**

**3.**            **The defendant shall pay restitution to the victims identified in the Criminal Monetary Penalties section of this Judgment in an amount totaling $3,267.79. Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution in monthly installments in an amount recommended by the probation office and approved by the Court, but the minimum monthly rate shall not be less than 10 percent of Defendant's gross monthly income.**

According to the Clerk's Office automated system, Mr. Johnson made restitution payments in February, June, September, and December 2013. It is noted that on May 16, 2014, after being questioned by the undersigned officer regarding his restitution, Mr. Johnson submitted a $62 payment. Hence, the defendant's restitution balance is $2,950.79. Mr. Johnson has been continuously employed since December 2011, with the exception of a couple of weeks in March and April 2014, as Mr. Johnson was participating in a detoxification program.

**4.**   **The defendant shall not commit another federal, state, or local crime:**

On August 21, 2014, the defendant received a citation for driving without a license. He was booked on September 8, 2014. The charge was dismissed on September 8, 2014.

**5**   **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer:**

Mr. Johnson failed to notify the probation office after he received his citation. This officer was notified by law enforcement on the date of his booking. When confronted by this officer, Mr. Johnson advised he was not aware that he was required to contact this office when he is arrested or questioned by law enforcement. The undersigned officer provided Mr. Johnson with a copy of his judgment in the instant federal offense with that condition highlighted.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Johnson began his term of supervised release on December 7, 2011. His supervision is scheduled to expire on December 6, 2014.

In January 2012, the Court was notified of Mr. Johnson's excessive alcohol use and use of cocaine, opiates, benzodiazepine, and oxycodone. The Court took no action as recommended by the probation officer and allowed him to seek substance abuse treatment. In February 2012, Mr. Johnson began outpatient treatment with the Middle Tennessee Treatment Center in Nashville, Tennessee, where he began a methadone maintenance treatment program. In addition, Mr. Johnson voluntarily enrolled in the substance abuse program with Room at the Inn in Nashville, Tennessee. He resided at this program from January 2012 to February 2013. In February 2013, he completed the program and secured his own apartment.

He sought this treatment on his own and until August 2013, he complied with all treatment recommendations.

In September 2013, the Court was notified of two positive drug tests for cocaine. The Court took no action as recommended by the probation officer and allowed him to continue to attend substance abuse treatment. Mr. Johnson was attending weekly substance abuse treatment and was in compliance with all treatment recommendations.

November 2013, the Court was notified of one positive drug test for cocaine and the defendant's failure to pay restitution as required. The Court took no action as recommended by the probation officer and allowed him to continue to take advantage of substance abuse treatment.

The undersigned officer began supervising Mr. Johnson in March 2014. At that time, Mr. Johnson was seeking entrance into a detoxification program, as he was prescribed methadone. Mr. Johnson entered the Veterans Administration program and was subsequently referred to Parthenon Pavilion Hospital in Nashville, Tennessee. According to medical records, Mr. Johnson was in Parthenon Pavilion from March 29, 2014, to April 3, 2014.

As it relates to his current drug use, Mr. Johnson has advised that he had taken a pill from a coworker on at least three occasions and that he thought it to be morphine. He said he used it due to his physical health. In addition, he has advised that he has taken previously prescribed medication in relation to testing positive for morphine and codeine. It is noted that this officer has not seen these prescriptions. As it relates to his positive screen for cocaine, Mr. Johnson stated that he was given pills by a female friend. He said he thought the pills were Viagra, and he had taken them on more than one occasion. He stated that this was the first time they caused him to test positive for cocaine.

**As a result of the original petition that was filed on May 20, 2014, the Court issued a summons on May 22, 2014. Mr. Johnson turned himself in on the summons and was released back on supervision. Mr. Johnson continues to work and is residing at Matthew 25. His revocation hearing is scheduled for September 18, 2014.**

<u>**U.S. Probation Officer Recommendation:**</u>

**It is respectfully recommended that the additional violations be considered at the revocation hearing scheduled before Your Honor on September 18, 2014. This matter has been reported to the U.S. Attorney's Office, and they concur with the recommendation.**

Approved: _/s/ James Perdue_
James Perdue
Deputy Chief U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. MICHAEL WAYNE JOHNSON, CASE NO. 3:08-00245

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years<br>*18 U.S.C. § 3583(e)(3)* | 8-14 months<br>*U.S.S.G. § 7B1.4(a)* | 8 months |
| SUPERVISED RELEASE: | **3 years less any term of imprisonment**<br>*18 U.S.C. § 3583(h)* | 1-3 years less any term of imprisonment<br>*U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

**Statutory Provisions:** 18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding a Grade C violation, the Court may revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision.

Respectfully Submitted

_____
Vidette A. Putman
Supervising U. S. Probation Officer

Approved: _____
James Perdue
Deputy Chief U. S. Probation Officer